IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES ELMER ROUSH,**

      Petitioner,

      vs.                    CIVIL ACTION
                             No. 10-3237-RDR

**STATE OF COLORADO, OFFICE OF THE
CLERK, U.S. DISTRICT COURT,**

      Respondent.

**MEMORANDUM AND ORDER**

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. The matter was transferred to this court from the United States District Court for the District of Colorado.

Petitioner asserts he was arrested and incarcerated at the Leavenworth, Kansas, facility operated by the Corrections Corporation of America on April 28, 2010, and that he has not been charged with a crime or appeared before a magistrate judge. He asserts violations of his constitutional rights secured by the Sixth, Ninth, and Fourteenth Amendments and of 18 U.S.C. §3161(h)(1)(F), which he claims requires that he be transferred within ten days. He seeks dismissal of the case against him on

the ground that, pursuant to 18 U.S.C. § 3162(a)(2), the information should be dismissed.

This court has found no record of any criminal action against the petitioner except that in which he was convicted in 1985 in the District of Colorado[1], and it is unclear from the petition why he was transferred to the Leavenworth CCA facility. Likewise, the information contained in the Inmate Locator database maintained by the Federal Bureau of Prisons shows that petitioner currently is incarcerated at Englewood FCI, Englewood, Colorado.[2]

A district court issuing the writ must have jurisdiction over the petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Ordinarily, the proper respondent to a habeas corpus petition is the warden of the facility in which the petitioner is housed. *See* 28 U.S.C. § 2242.

In order to clarify that petitioner indeed is incarcerated in the District of Kansas, the court will direct petitioner to verify that he remains housed in Kansas, and likewise will direct him to supplement the record with any material in his possession that identifies the criminal information to which his

---

[1] *United States v. Roush*, No. 84-cr-00365-PSF (D. Colo.)

[2] A copy of the display page is attached.

petition refers.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including February 8, 2011, to supplement the record as directed. The failure to file a timely response may result in the dismissal of this matter without prejudice and without additional prior notice to the petitioner.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 6th day of January, 2011.

    S/ Richard D. Rogers
    RICHARD D. ROGERS
    United States Senior District Judge