IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES ELMER ROUSH,**

        Petitioner,

                                CIVIL ACTION
   vs.                            No. 10-3237-RDR

**STATE OF COLORADO,**

        Respondent.

**MEMORANDUM AND ORDER**

    This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner commenced this action in the U.S. District Court for the District of Colorado, and the matter was transferred to this court due to petitioner's incarceration in this district. Petitioner claimed he had been transferred to a privately-operated detention center in the District of Kansas, and he asserted he had neither been charged with a crime nor appeared before a magistrate judge.

    Because the court could find no record of any action against the petitioner in the District of Kansas nor any record that suggested he was incarcerated in Kansas, the court granted petitioner to and including February 8, 2011, to supplement the record. Petitioner was advised the failure to file a timely response might result in the dismissal of this matter without

prejudice and without additional prior notice. Petitioner filed no response, and records maintained by the clerk of the court reflect that the copy of the Memorandum and Order mailed to him was returned as undeliverable and remailed to him at the FCI-Englewood, in the District of Colorado.

Having considered the record, the court concludes this matter must be dismissed. First, a district court must have jurisdiction over the petitioner's custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Next, in the absence of a response from petitioner, and in light of the information maintained by the federal Bureau of Prisons[1], the court finds petitioner is not detained in this district. As petitioner is not in Kansas, no jurisdictional basis exists. Finally, petitioner has failed to supplement the record as directed, and there is no support for his bare assertions concerning his detention in Kansas.

A federal court has the inherent power to act sua sponte to dismiss an action for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). Federal Rule of Civil Procedure 41(b) authorizes the involuntary dismissal of an action for failure to prosecute or to comply with procedural

---

[1] http://www.bop.gov/iloc2; *see* record attached.

rules or orders of the court. While the text of Rule 41(b) contemplates such dismissal upon the motion of a defendant, the Rule has been interpreted to allow the sua sponte dismissal of an action. *Link, id.; Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1151 (10th Cir. 2007). *See also Theede v. U.S. Department of Labor*, 172 F.3d 1262 (10th Cir. 1999)(affirming dismissal where pro se plaintiff's failure to object to magistrate judge's recommendation of dismissal was due to plaintiff's failure to inform the court of his correct address).

The court finds petitioner has failed to prosecute this action and has received adequate notice of the court's intention to dismiss this matter in the absence of a response from him.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for lack of jurisdiction and due to petitioner's failure to respond to the court's Memorandum and Order entered on January 6, 2011.

A copy of this Memorandum and Order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 11th day of February, 2011.

> S/ Richard D. Rogers
> RICHARD D. ROGERS
> United States Senior District Judge